# EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
======================================X
LEOLA RICHARDSON,

                    Plaintiff,

     -against-


NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,


                    Defendant.

======================================X
```

Index No.
Date Purchased:
Plaintiff designates
**NEW YORK**
County as the place of trial
The basis of the venue
PLAINTIFF'S RESIDENCE

*SUMMONS*

Plaintiffs reside at
50 West 131st Street
New York, NY  10037

County of New York

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        September 30, 2021

                                        Yours, etc.

                                        The Law Office of Philip P. Vogt

                                        BY: _____
                                        PHILIP P. VOGT
                                        Attorneys for Plaintiffs
                                        5 Penn Plaza
                                        23rd Floor
                                        New York, New York  10001
                                        (212) 835-1640

Defendant's Address:

NATIONAL RAILROAD PASSENGER CORPORATION
400 West 31st Street
New York, New York  10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X

LEOLA RICHARDSON,

                    Plaintiffs,     **COMPLAINT**

   -against-

                                      Index #

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,

                                      **Plaintiff Demands**
                    Defendant,    **Trial By Jury**

------------------------------------------X

       Plaintiff, LEOLA RICHARDSON, complaining of defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, by her attorneys, The Law Office of Philip P. Vogt, PLLC., respectfully shows to this Court and alleges, upon information and belief:

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF LEOLA RICHARDSON**

       1.   That at all times herein mentioned plaintiff, LEOLA RICHARDSON, was and still is a resident of the City, County and State of New York.

       2.   That New York County is the proper venue for this action pursuant to C.P.L.R. § § 503(a).

       3.   Upon information and belief, at all times herein mentioned, the defendant NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter referred to as "AMTRAK") was and still is a

1

domestic corporation duly organized and existing under and by virtue of the laws of the United States of America.

4. Upon information and belief, at all times herein mentioned, the defendant NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter referred to as "AMTRAK") was and still is a foreign corporation authorized to do business in the State of New York.

5. Upon information and belief, at all times herein mentioned, the defendant NATIONAL RAILROAD PASSENGER CORPORATION was doing business under the name AMTRAK.

6. Upon information and belief, at all times herein mentioned, the defendant, AMTRAK, was doing business in the City, County, and State of New York.

7. Upon information and belief, at all times herein mentioned, the defendant, AMTRAK, was engaged as a carrier in interstate commerce and was duly authorized to operate and do business in the State of New York.

8. That at all times hereinafter mentioned the defendant, AMTRAK, was a common carrier by rail providing passenger service to the public.

9. That on October 24, 2018, at approximately 7:08 p.m. defendant, AMTRAK, was operating a train designated as Train #89, then and there at the AMTRAK Kingstree Station, in the State of South Carolina.

2

10. That at the time and place aforesaid the plaintiff, LEOLA RICHARDSON, was a passenger on board Train #89, within Coach #25093, having boarded said train in Pennsylvania Station, New York, New York, enroute to Charleston, South Carolina.

11. That at the time and place aforesaid an announcement was made for the arrival at the Kingstree Station, the train properly came to a complete stop at said station and then without any warning or announcement moved in a sudden, unexpected and violent motion.

12. That at the time and place aforesaid, the plaintiff, LEOLA RICHARSON, was caused to be thrown about the interior of Coach #25093 due to the sudden, unusual and violent movement of said train, after it had come to a complete stop in the station to detrain passengers.

13. That the aforementioned occurrence arose solely by reason of the carelessness, negligence and recklessness of the defendants in the respective ownership, operation, maintenance and control of the aforementioned train; in failing to look; in failing to see; in failing to observe the prevailing signals and conditions; in failing to maintain safe and proper control of their train; in causing, allowing and permitting a sudden, unusual an unexpected movement of said train; in causing, allowing and permitting the sudden and violent movement of said

3

train; in failing to observe and obey the traffic signals and signs then and there controlling train movement; in failing to make sure that the brakes were in a safe and operational condition; in failing to timely apply the brakes; in failing to move the train in a smooth uniform motion; in failing to come and remain at a complete stop; in causing the train and Car #25093 to move in a sudden, unexpected, jerky, violent motion after first having come to a complete stop; in failing to keep control of said train while passengers were disembarking; in failing to keep said train at a complete stop while passengers were disembarking; in moving the train without warning in a sudden, unexpected, violent manner; in failing to keep control of said train constituting *res ipsa loquitur*; in failing to properly stop said train; in failing to have properly functioning brake equipment on the cars making up the train; in violating its own safety rules and regulations and accustomed practice in the industry; in failing to perform proper daily inspections (49 CFR 229.21); in failing to perform proper periodic inspections (49 CFR 229.23); in failing to exercise reasonable care and prevent the aforesaid occurrence; in failing to equip Train #89 with a locomotive in proper condition and safe to operate without unnecessary danger; in failing to give any warning of the impending collision; in failing to have a properly operating horn; in causing, allowing, suffering and

4

permitting themselves to be distracted; in failing to remain alert while operating said train; in causing, allowing, suffering and/or permitting Train #89 to be operated with an unusual and violent lurch, jerk, sudden stop and/or sudden, violent start; in failing to comply with the statutes and ordinances pertaining to operation of a locomotive engine; and that the defendants were otherwise negligent under the circumstances; all without any negligence on the part of the plaintiff, LEOLA RICHARDSON, in any way.

14. That this action falls within one or more of the exemptions set forth in CPLR § 1602.

15. By reason of the aforesaid, plaintiff, LEOLA RICHARDSON, was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sick, sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which she otherwise would have earned; has been compelled to spend sums of money and incur such expenses in the future.

16. As a result of the aforesaid, plaintiff LEOLA RICHARDSON, was caused to sustain serious personal injuries and be damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

5

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF LEOLA RICHARDSON

17. Plaintiff, LEOLA RICHARDSON, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "16" inclusive with the same force and effect as if hereinafter set forth fully at length.

18. That at all times hereinafter mentioned, said Train #89 was made up of coaches which were a "vehicle" within the definition of that term as set forth at 49 USC 20301 (a).

19. That all times hereinafter mentioned, said coach cars were on-track equipment other than hi-rail, specialized maintenance or other similar equipment.

20. That all times hereinafter mentioned, the coach cars aforementioned were a locomotive pursuant to Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, et seq., the Locomotive Safety Act, and the rules and regulations promulgated 49 CFR 229 *et seq*.

21. That all times hereinafter mentioned, the coach cars aforementioned were in use on defendant's line as a locomotive.

22. That the aforesaid occurrence was due to the violation by defendant "AMTRAK", its agents and/or employees of the 49 USCA Chapter 203, Sections 20301, 20302 et seq., commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

6

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF LEOLA RICHARDSON

23. Plaintiff, LEOLA RICHARDOSN, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "22" inclusive with the same force and effect as if hereinafter set forth fully at length.

24. That at all times hereinafter mentioned, the locomotive Train #89 was not in proper condition and not safe to operate without necessary danger of personal injury in violation of 49 U.S.C. Section 20701.

25. That all times hereinafter mentioned, the locomotive Train #89 aforementioned was in use on defendant's line.

26. That the aforesaid occurrence was due to the violation by defendant "AMTRAK", its agents and/or employees of 49 USCA 20701, et seq., the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF LEOLA RICHARDSON

27. Plaintiff, LEOLA RICHARDSON, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "2" inclusive with the same force and effect as if hereinafter set forth fully at length.

27. That the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Safety

7

Regulations 49 CFR §§ 220.303, 202.305, 229.7, 229.13, 229.21, 229.23, 229.25, 229.27, 229.29, 229.31, 229.45, 229.46, 229.47, 229.49, 229.117 and 229.115.

**WHEREFORE**, plaintiff demands judgment against the defendants, for each cause of action, in an amount that exceeds the minimum jurisdictional requirements of this court, all together with the costs and disbursements of this action.

Dated:   New York, New York
         September 30, 2021

                              Yours, etc.,

                              LAW OFFICE OF PHILIP P. VOGT, PLLC.
                              Attorneys for Plaintiffs
                              By: _____
                                  Philip P. Vogt
                              5 Penn Plaza
                              23rd Floor
                              New York, New York 10001
                              (212) 835-1640
                              (347) 493-3529

8

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF NEW YORK    )

### PLAINTIFF VERIFICATION

LEOLA RICHARDSON, being duly sworn, deposes and says that I am the plaintiff in the within action; that I have read the foregoing COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

_____
LEOLA RICHARDSON

Sworn to before me this
30TH day of SEPTEMBER, 2021

_____
Notary Public

Philip P. Vogt
Notary Public, State of New York
No. 02VO4733800
Qualified in Nassau County
Comm. Expires December 31, 20 22




# NYSCEF Confirmation Notice
# New York County Supreme Court

The NYSCEF website has received an electronic filing on 09/30/2021 01:50 PM. Please keep this notice as a confirmation of this filing.

**158975/2021**
**Leola Richardson v. National Railroad Passenger Corporation d/b/a AMTRAK**
Assigned Judge: None Recorded

## Documents Received on   09/30/2021 01:50 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Elizabeth Chiatto | elizabethchiatto@pvogtlaw.com | 2128351640
5 Penn Plz 23 Rd Floor, New York, NY 10001

## E-mail Notifications

An email regarding this filing has been sent to the following on 09/30/2021 01:50 PM:

  ELIZABETH CHIATTO - elizabethchiatto@pvogtlaw.com

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | National Railroad Passenger Corporation | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of  1